Fuller v. Van Schaick.

---

FULLER *vs.* VAN SCHAICK, FELTHOUSEN, and OUDERKIRK.

In an action under the statute against the *makers* and *endorsers* of a promissory note, *jointly*, the plaintiff may declare in a special count so framed as to show the particular contract of each class of defendants, and allege breaches of the same; or he may declare on the money counts only, stating a *joint contract*, and serving a copy of the note with the declaration.

After a plaintiff has declared as above both *specially* and *generally*, he may enter a *nolle prosequi* as to one class of defendants, and proceed in the action against the other, and such *nolle prosequi* will not operate as a discontinuance as to the latter: the plaintiff, however, is liable to pay costs to the parties discharged.

MOTION to set aside verdict for irregularity. This was an action against Van Schaick, as maker, and the other two defendants as endorsers, of a promis- [548] sory note. The declaration had one count on the note, containing all the necessary allegations to charge all the defendants, the money counts, and account stated. A copy of the note was served with the declaration. (*Statutes, session of* 1835, *p.* 289, § 3.) The plaintiff discontinued the action as to the two endorsers, and in his notice of trial gave defendants' attorney notice of that fact. The circuit roll contained the original pleadings against all the de-

### Fuller v. Van Schaick.

fendants. The plaintiff claimed to try against Van Schaick, the maker, only. The defendants' attorney objected, but the circuit judge overruled the objection, and the cause proceeded to trial. The plaintiff obtained a verdict against the maker, who appeared on the trial and contested the recovery.

*By the Court,* BRONSON, J. If the defendant Van Schaick intended to rely on the supposed irregularity, he should not have appeared on the trial, but should have suffered the plaintiff to take an inquest. After taking his chance before the jury for a verdict, he now insists that the action was out of court, and that there was in fact nothing to try. It is unnecessary, however, to dispose of the motion on that ground.

The objection to the plaintiff's proceedings is, that this is an action upon a *joint contract,* and that by the discontinuance or *nolle prosequi* as to the two endorsers, the whole action is out of court. There is no doubt that such would, in general, be the consequence in actions arising *ex contractu;* though it is otherwise in actions for *torts.* And in actions upon contract, if one of several defendants plead some matter which goes merely to his personal discharge, the plaintiff may enter a *nolle prosequi* as to him, and continue the action against the others. The statute, *Session of* 1832, *p.* 489, and *Session of* 1835, *p.* 248, has introduced a new rule, and allowed the plaintiff to include all the parties to a bill or note in one action. The action is in form a joint one, though it is founded upon several and distinct liabilities. A count may be so framed on the bill or note as to show the particular contract of each party, drawer or maker, and endorser. But the third section expressly authorizes the plaintiff to declare on the money [549] counts, serving a copy of the bill or note with the declaration. The money counts in form state a joint contract, and the bill or note could not be given in evidence under those counts, if the statute had not expressly authorized it. The statute does not turn distinct liabilities into a joint contract, but gives a joint action to enforce the several liabilities of different parties. This case then does not come within the reason of the rule on which the defendant relies, and a *nolle prosequi* as to one class of defendants, as endorsers, will not discontinue the action as to another class, as drawers or makers. It is like an action arising *ex delicto* where the defendants are liable jointly and severally.

It is insisted that the act requires the plaintiff, if he sue in that form, to proceed against all the defendants as joint contractors. The language of the first section is, that " it shall be lawful" for the plaintiff to include all the parties to the bill or note in one action, " and to proceed to judgment and execution in the same manner as though all the defendants were joint contractors." The object of the section was to give the plaintiff authority to proceed in that manner, not to render it compulsory on him to do so. The fourth section expressly provides that " judgment may be rendered for the plaintiff against some one or more of the defendants ; and also in favor of some one or more of the defendants against the plaintiff." The second section of the act of 1835 carries this severance of the action still further.

This is not like an action against several persons bound by a joint and several contract. In that case, if the plaintiff bring a joint action against all the parties, he must recover against all or none. For the purposes of that action he has elected to consider it a joint contract, and must abide the consequences. But the drawer and endorser of a bill are not bound by a joint contract—their undertakings are not only several but dissimilar.

Allowing the plaintiff in an action against the makers and endorsers to discontin as to one class of defendants, is in accordance with the general policy of statute ; and I do not perceive that it can work any injustice. The plaintiff of course must pay costs to the parties discharged, and those who remain suffer no injury. What suggestions the plaintiff should make in such a case, and how the record should be framed, the court is not now call to decide. The motion must be denied.